# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ACF 2006 CORP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:13-cv-01286-TWP-DML |
| | ) | |
| WILLIAM F. CONOUR | ) | |
| Clerk's Entry of Default Entered 11/18/2013, | ) | |
| CONOUR LAW FIRM, LLC | ) | |
| Clerk's Entry of Default Entered 11/18/2013, | ) | |
| MARK C. LADENDORF, ATTORNEY AT | ) | |
| LAW, P.C., | ) | |
| TIMOTHY F. DEVEREUX, | ) | |
| COHEN & MALAD, LLP, and | ) | |
| JEFFREY A. HAMMOND, | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY ON MOTION TO RECONSIDER

This matter is before the Court on a Motion to Reconsider filed by Intervenors, David L.

Beals, Loretta Beals, Kristen Beals ("the Beals"), Sara J. Skelton (Masterson) individually and as

Personal Representative of the Estate of Michael Condon, and Zackery Condon ("the Condons")

(collectively, the "Intervenors") ([Filing No. 121](#)).  Intervenors request that the Court reconsider its

ruling on Plaintiff ACF 2006 Corp.'s ("ACF") Motion for Summary Judgment, Intervenors' Cross-

Motion for Summary Judgment, and Defendants Timothy F. Devereux's ("Mr. Devereux") and

Mark C. Ladendorf, Attorney at Law, P.C.'s ("Ladendorf") Motion for Summary Judgment.

([Filing No. 119](#)).  For the reasons stated below, the Motion is **DENIED**.

## I.     LEGAL STANDARD

Reconsideration of summary judgment under Federal Rule of Civil Procedure 59(e) is

appropriate "if there has been a mistake of law or fact." *Demos v. City of Indianapolis*, 139 F.

Supp. 2d 1026, 1027 (S.D. Ind. 2001), *aff'd*, 302 F.3d 698 (7th Cir. 2002) (quoting *Smith v. Apfel*, No. 97 C 3173, 1999 WL 410018, at *2 (N.D. Ill. May 27, 1999)). "The rule essentially enables a district court to correct its own error, sparing the parties and the appellate courts the burden of unnecessary appellate procedures." *Id.* (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)).

## II.   BACKGROUND

The facts of this case are set forth in detail in the Court's Entry on Cross-Motions for Summary Judgment (Filing No. 119) so only a brief synopsis will be repeated here. Intervenors are former clients of Defendant William F. Conour ("Mr. Conour"), and all are victims of his embezzlement of settlement proceeds which Mr. Conour claimed to have held in trust. On February 26, 2014, the Beals obtained a default judgment on liability against Mr. Conour and his law firm, Conour Doehrman (Filing No. 72-4), and final judgment was entered on April 21, 2014. (Filing No. 72-5). The Condons obtained a default judgment on liability against Mr. Conour and Conour Doehrman on November 18, 2013 (Filing No. 72-9) and a final judgment was entered on July 24, 2014. (Filing No. 72-10). On June 2, 2014, Intervenors filed a Complaint in this action (Filing No. 55) asserting that they have a security interest in the assets that are the subject matter of this litigation and asked the Court to determine the existence and priority of Intervenors' claims to such funds. In their briefing on summary judgment, Intevenors attempted to raise a claim under Ind. Code § 30-4-3-22(b) arguing they were granted an equitable lien in 1996 and 1999 when Mr. Conour converted their trust funds. Three months after ACF filed its motion for summary judgment, two months after the Intervenors filed their cross-motion for partial summary judgment, and well after briefing on all of the summary judgment motions had concluded, Intevenors filed a motion for leave to amend their complaint (Filing No. 88). The proposed amended complaint

included, for the first time, an allegation that Intervenors had "statutory liens against all of the assets of Mr. Conour and Conour's law firm under Ind. Code 30-4-3-22(c)." The Court did not permit the amendment because it was filed at such a late stage of the litigation.[1] In its Entry on Cross Motions for Summary Judgment the Court declined to address the merits of the equitable/statutory lien claims finding they were not adequately raised in the Intevernors' Complaint. (Filing No. 119, at ECF p. 18.)

## III. **DISCUSSION**

Intervenors argue that the Court dismissed their claims *sua sponte* based upon the insufficiency of their Complaint. Contrary to Intervenors' characterization of the Court's actions, the Court dismissed Intervenors' claims in ruling on the cross-motions for summary judgment, not on its own motion to dismiss. The Court's finding that the Intervenors' equitable/statutory lien theory was waived is based upon the principle that a party cannot amend its complaint through summary judgment arguments. *See Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 412 (7th Cir. 2009) (finding that the district court did not err by concluding that alternative basis for claims was waived by raising it for the first time during summary judgment proceedings); *Grayson v. O'Neill*, 308 F.3d 808, 817 (7th Cir. 2002) ("[A] plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment" (quotation omitted)); *Shanahan v. City of Chi.*, 82 F.3d 776, 781 (7th Cir. 1996).

Intervenors attempted to introduce a new theory upon which they claimed an interest in the contingency fees, if any, owed to Mr. Conour and the Conour Law Firm, LLC ("the Conour Firm"), which the Court determined was not permitted. The Court's ruling was based upon consideration of the parties' arguments in the summary judgment briefing. ACF, Ladendorf, and Mr. Devereux

---

[1] Intervenors do not challenge the Court's denial of their Motion for Leave to file Amended Complaint.

all argued that the Intervenors lacked standing to enforce the liens asserted in their Complaint. In response, Intervenors attempted to change their theory of recovery to assert that they had an equitable lien under Indiana statute. Considering these arguments, the Court found that Intervenors did lack standing to enforce the liens set forth in their Complaint, and that this alternative theory of recovery had not been properly asserted prior to the motion for summary judgment. Despite the Intervenors' assertions that an equitable lien theory is contained in their Complaint, the allegations in their Complaint simply do not support this new theory. The Complaint specifically claims that the Intervenors sought to enforce their judgments (one of which had not been obtained at the time the Complaint was filed)[2] and the liens established by the government restitution order. *See* [Filing No. 55, at ECF p. 3](#) ("The attorney fees held by Defendants in this matter are subject to the liens in favor of Intervenors *established by the criminal Restitution Order*.") (emphasis added). A plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1086 (7th Cir. 2008). Intervenors are asking the Court to disregard the theory specifically pled in their Complaint, and instead consider a new theory. As explained above and in the Entry on the cross-motions for summary judgment, the Court decided that it was not proper to "change horses in midstream" and allow the Intervenors to pursue a new theory which contradicted the allegations in the Complaint. *See Zimmerman v. Bd. of Trustees of Ball State Univ.*, 940 F. Supp. 2d 875, 884 (S.D. Ind. 2013) ("[T]he Court is mindful of the principle . . . that once a party chooses to take a certain position, it 'cannot change horses in midstream.'") (quoting *Broaddus v. Shields,* 665 F.3d 846, 854 (7th Cir. 2011)).

---

[2] Intervenors do not challenge the Court's determination that the Beals' judgment had not yet become enforceable at the time the Intervenors filed their Complaint.

Even if the Court were to find that Intervenors properly asserted a claim under Ind. Code § 30-4-3-22(b), or permitted Intervenors to amend their Complaint to state such a claim, ACF would still be entitled to summary judgment. Ind. Code § 30-4-3-22(b) establishes an equitable lien in favor of a trust beneficiary whose trustee has comingled their funds with that of his own. In instances where the funds have been comingled or converted and the fund or property cannot be traced or identified, the beneficiary is entitled to a lien against the trustee's individual property. I.C. § 30-4-3-22(c). Intervenors assert that Mr. Conour, as trustee, comingled settlement funds held in trust with his personal assets and the assets of his firm, which at the time of the conversions was Conour Doherman Law Firm. *See* Filing No. 72-3; Filing No. 72-5; Filing No. 72-8; Filing No. 72-10 (asserting claims and obtaining judgments against Conour Doherman). Accordingly, Intervenors would only be granted an equitable lien against Mr. Conour's individual property, not that of either firm in which he had an interest. The property subject to ACF's security interest in this action is that of the Conour Firm, which ACF alleges includes contingency fees owed to Mr. Conour as a partner of the Conour Firm. Intervenors have no interest in these assets because they do not individually belong to Mr. Conour, nor can they be traced to the Conour Firm because it did not exist in 1996 and 1999, the years of the conversions of Intervenors funds. Thus, the Court concludes that Intervenors still would not prevail, had they brought a claim under Ind. Code § 30-4-3-22 in this action.

Based upon the allegations that were made in the Complaint, the Court determined that the Intervenors' claims against Mr. Conour and the Conour Firm did not have priority over ACF's interest, and thus have no interest relating to the property or transaction that is the subject of this action. *See* Fed. R. Civ. Proc. 24(a). The outcome of this action will not, as a practical matter, "impair or impede the [Intervenors'] ability to protect [their] interest," and the existing parties do

not have an obligation to represent that interest. *Id.* ACF's enforcement of its security interest is limited to the contingency fees; it is not seeking to collect on its debt from any other assets of Mr. Conour or the Conour Firm. Because Intervenors have no interest in the property that is the subject of this action, their claims were necessarily dismissed.

### IV. **CONCLUSION**

Intervenors have not demonstrated that the Court committed a manifest error of law in finding that their interests are subordinate to the perfected security interest held by ACF with respect to the property at issue in this action. Therefore, Intervenors' Motion to Reconsider (Filing No. 121) is **DENIED**.

**SO ORDERED.**

Date: 2/24/2015

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Christopher Charles Hagenow
BLACKWELL, BURKE & RAMSEY, P.C.
chagenow@bbrlawpc.com

Austin L. McMullen
BRADLEY ARANT BOULT CUMMINGS, LLP
amcmullen@babc.com

Roger G. Jones
BRADLEY ARANT BOULT CUMMINGS, LLP
rjones@babc.com

Gregory L. Laker
COHEN & MALAD LLP
glaker@cohenandmalad.com

Jeffrey Allen Hammond
COHEN & MALAD LLP
jhammond@cohenandmalad.com

Mark C. Ladendorf
LADENDORF & LADENDORF
mark@ladendorf.com

Timothy Francis Devereux
LADENDORF & LADENDORF
Tim@ladendorf.com

Debra H. Miller
MILLER & FISHER LLC
miller@millerfisher.com

James R. Fisher
MILLER & FISHER LLC
fisher@millerfisher.com