UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ACF 2006 CORP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:13-cv-01286-TWP-DML |
| | ) | |
| WILLIAM F. CONOUR Clerk's Entry of Default Entered 11/18/2013, | ) ) | |
| CONOUR LAW FIRM, LLC Clerk's Entry of Default Entered 11/18/2013, | ) ) | |
| MARK C. LADENDORF ATTORNEY AT LAW, P.C., | ) ) | |
| TIMOTHY F. DEVEREUX, | ) | |
| COHEN & MALAD, LLP, | ) | |
| JEFFREY A. HAMMOND, | ) | |
| | ) | |
| Defendants. | ) ) | |

**ENTRY STRIKING STIPULATION**

Following a bench trial in this case, the Court issued an entry requesting additional briefing on the issue of whether Keller & Keller, LLP ("Keller & Keller") and the Ken Nunn Law Office ("Nunn Firm") must be considered necessary parties under Federal Rule of Civil Procedure 19. (Filing No. 147). Instead of filing position statements addressing the issues raised in the Court's entry, the parties requested permission to file a joint stipulation. The stipulation however addressed only the respective referral fees that should be attributed to non-parties in this case, but did not address how this should occur procedurally and failed to address the Rule 19 issue. (Filing No. 148). Moreover, Keller & Keller and the Nunn Firm are not parties to this action; the stipulation was filed with representatives from these two non-party law firms—Randall Juergensen on behalf of Keller & Keller and Dean Arnold on behalf of the Nunn Firm— as signatories to the filing. Mr.

Juergensen and Mr. Arnold are not attorneys of record in this case, nor are the firms they purport to represent parties in this action.  This is in violation of Local Rule 83-7(a), which requires that "[e]very attorney who represents a party or who files a paper on a party's behalf must file an appearance for that party."  Keller & Keller and the Nunn Firm would at least need to file a motion to intervene under Rule 24, subject to approval by the Court, in order to participate in this action and endorse such a stipulation.

Because the parties failed to provide the Court with the requested position statements regarding whether Keller & Keller and the Nunn Firm must be added as indispensable parties under Rule 19, and because the stipulation was filed in violation of Local Rule 83-7(a), the Court hereby **STRIKES** the parties' stipulation.  As stated in the Court's original entry requesting additional briefing, the parties of record are hereby **ORDERED** to each file a position statement addressing (1) whether Keller & Keller and the Nunn Firm must be considered necessary parties under Rule 19, addressing all of the factors set forth in Rule 19(a)(1); and (2) how the Court should proceed in light of the fact that a bench trial has already been concluded without either party having raised this issue, and the Court's ability (or lack thereof) to award relief to a non-party.  The parties' supplemental briefs are due within ten (10) days of the date of this Entry.

SO ORDERED.

Date: 6/12/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Christopher Charles Hagenow
BLACKWELL, BURKE & RAMSEY, P.C.
chagenow@bbrlawpc.com

Austin L. McMullen
BRADLEY ARANT BOULT CUMMINGS, LLP
amcmullen@babc.com

Roger G. Jones
BRADLEY ARANT BOULT CUMMINGS, LLP
rjones@babc.com

Gregory L. Laker
COHEN & MALAD LLP
glaker@cohenandmalad.com

Jeffrey Allen Hammond
COHEN & MALAD LLP
jhammond@cohenandmalad.com

Mark C. Ladendorf
LADENDORF & LADENDORF
mark@ladendorf.com

Timothy Francis Devereux
LADENDORF & LADENDORF
Tim@ladendorf.com