UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ACF 2006 Corp., ) | |
| ) | |
| Plaintiff, ) | Case No. 1:13-cv-01286-TWP-DML |
| ) | |
| v. ) | |
| ) | |
| WILLIAM F. CONOUR, CONOUR ) | |
| LAW FIRM, LLC, MARK C. ) | |
| LADENDORF, ATTORNEY AT ) | |
| LAW, P.C., TIMOTHY F. ) | |
| DEVEREUX, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| v. ) | |
| ) | |
| DAVID L. BEALS, SR., LORETTA ) | |
| BEALS, AND KRISTEN BEALS by ) | |
| her Guardians DAVID L. BEALS, SR. ) | |
| and LORETTA BEALS, ) | |
| ) | |
| Intervenors. ) | |

## BEALS INTERVENORS' STATEMENT
## UPON REMAND

This matter was remanded by the Seventh Circuit "for the entry of judgment consistent with this opinion." The mandate requires "the entry of judgment," and does not permit the reopening of proceedings or the reconsideration of prior rulings.

The only parties to the case on appeal were Mark C. Ladendorf, Attorney at Law, P.C. and Timothy F. Devereux (collectively the "Lawyers"), the Beals Intervenors (collectively the "Victims") and ACF 2006 Corp. (the "Lender").

> This appeal presents a three-corner fight about who gets how much of that money. The contestants are Devereux and the Ladendorf Firm (collectively the Lawyers), several persons from whom

> Conour stole (collectively the Victims), and ACF 2006 (the Lender), . . .

Doc. No. 57, p. 2 (Exhibit "A").

The Court of Appeals determined that the entire amount of the Judgment that is not retained by the Lawyers must be paid to the Victims (Beals).

> It follows from this discussion that the Lawyers owe the Conour Firm less than the current value of the Conour Firm's indebtedness to the Lender – and substantially less than what Conour owes to the Victims.  The outcome thus turns on priority between the Lender and the Victims; <u>one or the other will receive everything the Lawyers must disgorge</u>.

Doc. No. 57, p. 7 (Exhibit "A").

The Court of Appeals determined that Beals have priority over ACF, and expressly held that Beals are entitled to the balance of the fund that is not retained by the Lawyers.

> It follows that the Victims have priority over the Lender in the funds that the Conour Firm is entitled to receive from the Lawyers.

Doc. No. 57, pp. 11-12 (Exhibit "A").

According to the written decision of the Court, and the terms of the mandate, the District Court is to enter judgment in favor of Beals for the amount that the Trial Court originally entered judgment in favor of the Lender, as modified in amount by the Seventh Circuit Decision.  The Seventh Circuit Decision eliminated prejudgment interest as an element of claim, and reduced the percentage of the fee in the L.B. case from 40% to 10%.  That reduced the Trial Court Judgment from $774,797.28 to $358,069.83.

Accordingly, the District Court is mandated to enter judgment against Mark C. Ladendorf, Attorney at Law, P.C. and Timothy F. Devereux in the amount of $358,069.83, in favor of Intervenors, David L. Beals, Sr., et al.  The judgment is to find that ACF 2006 Corp.

2

take nothing by its Complaint. The balance of the attorney fees held by Ladendorf and Devereux, to the extent that they were included in the cases at issue, remain the property of Ladendorf and Devereux.

The Trial Court found that the N.E. case had not been resolved at the time of trial, and so was excluded from the case. Claims involving the attorney fee generated in that case, if any, are reserved for a subsequent claim.

The Court of Appeals assessed appellate costs at $500 each to Intervenors and to Ladendorf/Devereux. The Court's judgment should include judgment for costs in favor of the Beals Intervenors in the amount of $500. The Beals Intervenors submit no additional bill of costs for assessment by the District Court.

Attached is the proposed form entry of Judgment.

Respectfully submitted,

**MILLER & FISHER, LLC**

/s/ James R. Fisher
James R. Fisher, Attorney No. 6847-49

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 11th day of August 2016, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| Austin L. McMullen<br>BRADLEY ARANT BOULT CUMMINGS, LLP<br>amcmullen@babc.com | Roger G. Jones<br>BRADLEY ARANT BOULT CUMMINGS, LLP<br>rjones@babc.com |
| Christopher Charles Hagenow<br>HOPPER & BLACKWELL<br>chagenow@hopperblackwell.com | Mark C. Ladendorf<br>LADENDORF & LADENDORF<br>mark@ladendorf.com |
| Timothy Francis Devereux<br>LADENDORF & LADENDORF<br>Tim@ladendorf.com | |

                                                    /s/ James R. Fisher
                                                    James R. Fisher, Attorney No. 6847-49

James R. Fisher
Debra H. Miller
MILLER & FISHER, LLP
8900 Keystone Crossing, Suite 1080
Indianapolis, Indiana  46240
(317) 536-7570
(317) 536-7579  Fax