UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ACF 2006 CORP., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. 1:13-cv-01286-TWP-DML |
| | ) |
| WILLIAM F. CONOUR, | ) |
| CONOUR LAW FIRM, LLC, | ) |
| MARK C. LADENDORF, | ) |
| ATTORNEY AT LAW, P.C., | ) |
| TIMOTHY F. DEVEREUX, | ) |
| COHEN & MALAD, LLP, and | ) |
| JEFFREY A. HAMMOND, | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANTS MARK C. LADENDORF ATTORNEY AT LAW, P.C. AND
TIMOTHY F. DEVEREUXS' STATEMENT OF POSITION ON REMAND FROM
THE SEVENTH CIRCUIT COURT OF APPEALS**

**STATEMENT OF POSITION**

Pursuant to Local Rule 16-2 of the U.S. District Court for the Southern District of Indiana,

Defendants Mark C. Ladendorf Attorney at Law, P.C. and Timothy F. Devereux hereby submit

their Statement of Position on Remand from the Seventh Circuit Court of Appeals.

The primary issues that were presented to the Court in this litigation and which were

addressed by the Seventh Circuit Court of Appeals were 1) the quantum meruit division of attorney

fees between the Conour Law Firm and Defendants Mark C. Ladendorf Attorney at Law, P.C. and

Timothy F. Devereux which fees were generated from the Subject Cases; and 2) whether ACF

2006 Corp. or the Intervenors had priority to seek recovery from the attorney fees attributable to

work performed on the Subject Cases by the Conour Law Firm. In particular, the Seventh Circuit

wrote in its June 23, 2016 Opinion:

> There are two principal questions. First, how much of the $2 million goes to
> the Conour Firm for the services it performed before Devereux left?

Second, how are the funds to which the Conour Firm is entitled to be divided between the Victims and the Lender?

(See Opinion of the Seventh Circuit, June 23, 2016, p. 2.)

The Seventh Circuit also addressed this issue of prejudgment interest on the amounts attributable to the Conour Law Firm's portion of the attorney fees.

Importantly, the Seventh Circuit made clear in its June 23, 2016 Opinion that a new trial is not necessary as to the division of attorney fees generated from L.B. and, instead, specifically held:

> **. . . we order the award reduced to 10% (roughly $140,000 plus $3,000 in expenses).**

(See Opinion of the Seventh Circuit, June 23, 2016, p. 5.)

The Seventh Circuit did not disturb the division of attorney fees on the R.S. case.

Therefore the amount of the attorney fees attributable to legal work performed on the Subject Cases by the Conour Law Firm is easily calculable.

## AMOUNT OF ATTORNEY FEES ATTRIBUTABLE TO THE CONOUR LAW FIRM

Based upon this Court's Findings of Fact which were not disturbed on appeal and the specific order contained in the Seventh Circuit's June 23, 2016 Opinion, the amount of attorney fees attributable to work performed by the Conour Law Firm amounts to $358,069.83.  Defendants Mark C. Ladendorf Attorney at Law, P.C. and Timothy F. Devereux have conferred with counsel for the Intervenors and those parties are in agreement as to the amount of attorney fees attributable to the Conour Law Firm.

An itemized list of those Subject Cases is set forth below.

| SUBJECT CASE NAME | WFC ATTY FEE | WFC CASE EXPENSE | TOTAL PAYMENT |
|---|---|---|---|
| A.C. | $ 4,800.00 | $ 951.30 | $ 5,751.30 |
| J.Bk. | $ 50,600.00 | $ 815.00 | $ 51,415.00 |
| L.B. | $ 139,000.00 | $ 2,959.23 | $ 141,959.23 |
| J.B. | $ 399.60 | $ 37.24 | $ 436.84 |
| J.C. | $ 3,400.00 | - | $ 3,400.00 |
| B.C. | $ 5,400.00 | $ 1,153.13 | $ 6,553.13 |
| D.N. | $ 7,000.00 | $ 585.24 | $ 17,585.24 |
| R.S. | $ 20,000.00 | - | $ 120,000.00 |
| R.W. | $ 7,200.00 | $ 399.10 | $ 7,599.10 |
| M.B. | $ 2,400.00 | $ 969.99 | $ 3,369.99 |
| TOTAL ALL: | | | $ 358,069.83 |

This Court should enter a Factual Finding that the amount of attorney fees attributable to the Conour Law Firm arising from the Subject Cases is $358,069.83.

**DIVISION OF ATTORNEY FEES ATTRIBUTABLE TO THE CONOUR LAW FIRM**

As a result of the Seventh Circuit's Opinion, the Intervenors now have priority over ACF in the attorney fees attributable to the Conour Law Firm. A dispute has arisen regarding the payment of co-counsel/referral fees from the Conour Law Firm fees.

In its Entry on Cross motions for Summary Judgment, this Court specifically ruled that:

"Because this [quantum meruit] analysis seeks to determine the equitable amount that Mr. Conour and the Conour Firm are entitled to receive as prior counsel, Defendants may assert any arguments or defenses in determining

> those amounts that it would have asserted had ACF not taken a security interest in the accounts.   ACF [now, Intervenors] may only recover what Mr. Conour and the Conour Firm have a right to receive, and those rights may be limited to the factual circumstances of each of the Subject Cases."

(Doc. 119, pp. 14-15.)

This portion of the Entry on Cross Motions for Summary Judgment was not appealed by any party to this litigation.

In accordance with the Court's ruling that "Defendants may assert any arguments or defenses in determining those amounts that it would have asserted had ACF not taken a security interest in the accounts," Defendants Mark Ladendorf and Timothy F. Devereux presented evidence at the trial in this matter that William F. Conour and the Conour Law Firm had agreed to pay co-counsel/referral fees to the Ladendorf Firm on the L.B. case. Similarly, ACF also presented evidence regarding the co-counsel arrangement between the Ladendorf Firm and the Conour Law Firm.   Following the March 9-10, 2015 bench trial, ACF, DEVEREUX, and the Ladendorf Firm then filed their Joint Position Statement Regarding Whether Keller & Keller, LLP and the Ken Nunn Law Office Are Required Parties Under F.R.C.P. 19 (Doc. 150) in which they agreed that Keller & Keller, LLP and the Ken Nunn Law Office were entitled to entitled to co-counsel/referral fees.

**Co-counsel Fees owed by the Conour Law Firm to the Ladendorf Law Firm**

In particular, at the March 9-10, 2015 bench trial, ACF introduced Exhibit 69 which was the Conour Law Firm's Fee Agreement in the L.B. case and which specifically identified the Ladendorf Firm as a party to the Fee Agreement and defined the Ladendorf Firm as being part of the "Litigation Team."   Additionally, ACF introduced Exhibits 85, 86 and 87 all of which established that there was a co-counsel/fee sharing agreement in place between the Conour Law

Firm and the Ladendorf Firm in connection with the L.B. case that applied to any attorney fees generated by the Conour Law Firm.

Further, Mark Ladendorf specifically testified regarding this co-counsel fee arrangement at the bench trial in this matter.  Mark Ladendorf testified at length regarding the co-counsel fee agreement he entered into with the Conour Law Firm on the L.B. case.   (See Trial Transcript Vol. 2, pp. 2-384 to 2-390.)   In fact, the only questions asked of Mark Ladendorf by ACF at the bench trial were specifically related to the co-counsel fee agreement between the Ladendorf Firm and the Conour Law Firm on the L.B. case.

On cross examination, Mark Ladendorf further testified to the circumstances surrounding the co-counsel fee agreement the Ladendorf Firm had with the Conour Law Firm on the L.B. case. (See Trial Transcript, Vol. 2, pp. 2-390 to 2-393.)

The Exhibits tendered at the bench trial as well as the testimony of Mark Ladendorf conclusively established that the co-counsel fee agreement existed between the Conour Law Firm and the Ladendorf Firm relating to the L.B. case.   The only question was the exact percentage of the fees to be paid to the Ladendorf Law Firm under that agreement.   The testimony regarding the co-counsel fee to be paid by the Conour Law Firm to the Ladendorf Law Firm ranged from a low of 25% of the total attorney fees obtained by the Conour Law Firm (Exhibit 85) to a high of 50% of the total attorney fees. (Exhibit 87)   A mid-range amount of 33 1/3% (Exhibit 87) as the co-counsel fee was also offered by the Conour Law Firm.

No evidence was offered by any party to negate the existence of the co-counsel fee sharing on the L.B. case.   The only question was the precise amount of the co-counsel fee to be paid to the Ladendorf Firm by the Conour Firm.   Based upon the evidence in the record, it is reasonable to conclude that the mid-range amount of 33 1/3% as the co-counsel fee represents the fee agreement

that was in place at the time that the L.B. case left the Conour Law Firm and returned to the Ladendorf Law Firm.

Applying the 33 1/3% co-counsel fee to the $139,000.00 of attorney fees attributable to work on the L.B. case performed while at the Conour Law Firm results in a division of $92,671.30 to the Intervenors – standing in the shoes of the Conour Law Firm – and $46,328.70 to the Ladendorf Firm as its co-counsel fee.

**Co-counsel Fees owed by the Conour Law Firm to the Ken Nunn Law Office**

The undisputed testimony at trial was that the R.S. case was referred to the Conour Law Firm by the Ken Nunn Law Office on a co-counsel/referral fee of 33 1/3 %.   Timothy Devereux, the primary attorney on the R.S. case at all times while the R.S. case was handled by both the Conour Law Firm and the Ladendorf Firm, specifically testified as to both the existence of the co-counsel fee agreement the Conour Law Firm had with the Ken Nunn Law Office and its amount (See Trial Transcript, Vol. 1 pp. 1-53 to 1-54.)   During his testimony, Timothy Devereux ("DEVEREUX") was questioned about ACF's Exhibit 276 which addressed the co-counsel fee on the R.S. case.

Further, in addition to DEVEREUX's testimony regarding the co-counsel fee agreement on the R.S. case, Defendants' Exhibit Nos. 309, 313, 316 and 348 all established the co-counsel fee owed by the Conour Law Firm to the Ken Nunn Law Office on the R.S. case.

Importantly, none of the evidence addressed above was ever refuted by any party at or after the bench trial conducted by this Court on March 9-10, 2015.

Of even greater importance, following the bench trial in this matter, ACF, DEVEREUX, the Ladendorf Firm and the Ken Nunn Law Office entered into a Stipulation acknowledging that the Ken Nunn Law Office was entitled to 33 1/3% of the attorney fees attributable to the Conour

Law Firm arising out of the R.S. case (See Doc. 148).   Even though this Court struck the filing of

that Stipulation (See Doc. 149) because it was signed by the Ken Nunn Law Office and the law

firm of Keller & Keller who were not parties to this litigation, that Stipulation is still proof that all

of the parties to this litigation at the time of the filing of the Stipulation agreed that the Ken Nunn

Law Office was entitled to a co-counsel fee from the Conour Law Firm.

Intervenors have taken the position that they are entitled to the entire amount of attorney

fees attributable to the Conour Law Firm regardless of the Conour Law Firm's contractual

obligation to pay a portion of those fees to the Ken Nunn Law Office (on the R.S. case), Ladendorf

Law Firm (on the L.B. case) and, as will be discussed below, the Keller & Keller Firm (on the

D.N., J.Bk., C.A., R.W., J.C., J.Bo., B.C. and M.B. cases).

The Intervenors' position is directly contrary to this Court's ruling that whichever party has

priority to claim an interest in the fees attributable to Conour Law Firm "may only recover what

Mr. Conour and the Conour Firm have a right to receive and those rights may be limited to the

factual circumstances of each of the Subject Cases." (Doc. 119, pp. 14-15.)    This position also

completely ignores the unrefuted evidence and testimony presented at the bench trial.

It is anticipated that Intervenors will attempt to argument that, because the co-counsel fee

issue was not appealed to the Seventh Circuit Court of Appeals, this issue was waived by the

parties.   Such a position fails to recognize that immediately following the bench trial ACF,

DEVEREUX, the Ladendorf Firm, the Ken Nunn Law Office and Keller & Keller entered into a

Stipulation acknowledging the existence and amount of the co-counsel fees owed to the Ken Nunn

Law Office and Keller & Keller. (See Doc. 148).

ACF, DEVEREUX, and the Ladendorf Firm also filed their Joint Position Statement

Regarding Whether Keller & Keller, LLP and the Ken Nunn Law Office Are Required Parties

Under F.R.C.P. 19 (Doc. 150) in which they agreed that Keller & Keller, LLP and the Ken Nunn

Law Office were entitled to entitled to co-counsel/referral fees and the parties specifically agreed:

> In this action, ACF is only seeking to recover an amount equal to the quantum meruit value of the legal services performed by the Conour Law Firm on the Subject Cases identified in Paragraph 4 above **after payment of the amounts owed to Keller & Keller under the co-counsel agreement.**

(See Doc. 150, Joint Position Statement Regarding Whether Keller & Keller, LLP and the Ken

Nunn Law Office Are Required Parties Under F.R.C.P. 19, para. 7, pg. 3 and para. 11, pg. 4.)

[Emphasis in original.] An identical statement regarding the co-counsel fees owed to the Ken

Nunn Law Office appears in paragraph 11 at page 4 in the parties Joint Position Statement.

It must be noted that as ACF, DEVEREUX, and the Ladendorf Firm were the **only** parties

to this litigation at the time of the bench trial and they had reached a both Stipulation and submitted

a Joint Statement regarding payment of the co-counsel fees, there was no need for ACF,

DEVEREUX, or the Ladendorf Firm to raise that issue on appeal. There was no dispute between

ACF, DEVEREUX, and the Ladendorf Firm as to the payment of the co-counsel fees.

It is worth noting that, in their appeal, the Intervenors did not challenge this Court's ruling

that whichever party has priority to collect the attorney fees of the Conour Law Firm can only

receive what the Conour Law Firm would be entitled to receive subject to the factual

circumstances of each of the Subject Cases.

Intervenors do not assert that the co-counsel/referral agreements in question do not exist,

they simply want the Court to disregard the unrefuted testimony and evidence establishing the

existence and amount of those co-counsel fee obligations owed by the Conour Law Firm to the

Ladendorf Firm, the Ken Nunn Law Office and Keller & Keller.

Applying the 33 1/3% co-counsel fee to the $120,000.00 of attorney fees attributable to work on the R.S. case performed while at the Conour Law Firm results in a division of $80,000.00 to the Intervenors standing in the shoes of the Conour Law Firm and $40,000.00 to the Ken Nunn Law Office as its co-counsel fee.

**Co-counsel Fees owed by the Conour Law Firm to the Keller & Keller Law Firm**

At the March 9-10, 2015 bench trial, evidence was presented that the Keller & Keller Law Firm had referred the D.N., J.Bk., C.A., R.W., J.C., J.Bo., B.C. and M.B. cases to the Conour Law Firm. (See ACF's Exhibit Nos. 275 & 276 and Defendant's Exhibit Nos. 313, 315 and 317).

In addition, Randall Juergensen, the co-managing partner for Keller & Keller testified at length as to the existence of the co-counsel fee agreement that Keller & Keller had with the Conour Law Firm, the role Keller & Keller played as co-counsel in those cases, and the amount of the fee which the Conour Law Firm agreed to pay to the Keller & Keller Firm on each of the cases identified in Exhibit 313. (See Trial Transcript Vol. 1, pp 1-169 to 1-185.)

When specifically questioned by counsel for ACF, Mr, Juergensen testified as follows:

> Q. Okay. So as far as you were concerned, your understanding was that the Conour firm owed you a referral fee from each one of these cases when and if those funds were received at a rate of 40 percent? Is that an accurate statement?
>
> A. The Ladendorf firm?
>
> Q. The Conour firm owed you.
>
> A. Absolutely.
>
> Q. And that was an obligation of the Conour firm, to pay you?
>
> A. Yes.

(See Trial Transcript Vol. 1, p. 1-185, ll. 6-14.)

This testimony was never challenged or refuted and no evidence was presented before this Court that Keller & Keller was not entitled to co-counsel/referral fees on the D.N., J.Bk., C.A., R.W., J.C., J.Bo., B.C. and M.B. cases.

As discussed above, the co-counsel fees owed to the Keller & Keller Firm were included in the Stipulation entered into and the Joint Position Statement filed by ACF, DEVEREUX, and the Ladendorf Firm.   As with the co-counsel fees owed by the Conour Law Firm to the Ken Nunn Law Office, there was no need to raise this issue on appeal as ACF, DEVEREUX, and the Ladendorf Firm were the **only** parties to this litigation at the time of the bench trial and they had reached a Stipulation regarding payment of the co-counsel fees owed to Keller & Keller.

Applying the 40% co-counsel fee to the $91,199.60 of attorney fees attributable to work on the D.N., J.Bk., C.A., R.W., J.C., J.Bo., B.C. and M.B. cases performed while at the Conour Law Firm results in a division of $51,839.76 to the Intervenors standing in the shoes of the Conour Law Firm and $34,559.84 to the Keller & Keller Firm as its co-counsel fees.

**Costs On Appeal**

The Seventh Circuit Court of Appeals assessed appellate costs at $500.00 each to Intervenors and to Defendants Ladendorf/Devereux as reproduction costs pursuant to Seventh Circuit Rule 39.

Attached is a Proposed Final Judgment.

Respectfully submitted,

**LADENDORF LAW**

BY:   /s/ Timothy F. Devereux
      Timothy F. Devereux, Esq. #25250-49
      Counsel for Defendants Timothy F. Devereux and
      Mark C. Ladendorf, Attorney At Law, P.C.

7310 North Shadeland Avenue
Indianapolis, IN   46250
Tele:    (317) 842-5800
Fax:     (317) 842-5858
Email: Tim@ladendorf.com

# CERTIFICATE OF SERVICE

This is to certify that on this 17th day of August, 2016 this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Roger Jones, Esq.
**BRADLEY ARANT BOULT CUMMINGS, LLP**
1600 Division St., Ste. 700
Nashville, TN   37203
Email: RJones@BABC.com
*Counsel for Plaintiff, ACF 2006 Corp.*


Christopher C. Hagenow, Esq.
**HOPPER BLACKWELL, P.C.**
111 Monument Circle, Ste. 452
Indianapolis, IN   46204
Email:   Chagenow@hopperblackwell.com
*Counsel for Plaintiff, ACF 2006 Corp.*

James R. Fisher
Debra H. Miller
**MILLER & FISHER, LLP**
8900 Keystone Crossing, Suite 1080
Indianapolis, Indiana 46240
Email: Fisher@millerfisher.com
*Counsel for Plaintiffs/Intervenors, David L. Beals, Sr.,
Loretta Beals, and Kristen Beals by her
guardians David L. Beals, Sr. and Loretta Beals,*

12