UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ACF 2006 CORP., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:13-cv-01286-TWP-DML ) |
| WILLIAM F. CONOUR, CONOUR LAW FIRM, LLC, MARK C. LADENDORF ATTORNEY AT LAW, P.C., and TIMOTHY F. DEVEREUX, | ) ) ) ) ) |
| Defendants. | ) ) |
| v. | ) ) |
| DAVID L. BEALS, SR., LORETTA BEALS, KRISTEN BEALS by her Guardians DAVID L. BEALS, SR. and LORETTA BEALS, | ) ) ) ) |
| Intervenors. | ) |

## ORDER DENYING DEFENDANTS' MOTION TO ALTER AND/OR AMEND FINAL JUDGMENT

This matter is before the Court on Defendants Mark C. Ladendorf Attorney at Law, P.C. ("Mr. Ladendorf") and Timothy F. Devereux's ("Mr. Devereux") (collectively, "the Lawyers") Motion to Alter and/or Amend Final Judgment, Pursuant to F.R.C.P. 59. (Filing No. 187). The Lawyers contend that this Court failed to enter judgment in favor of several nonparties to this lawsuit. For the reasons that follow, the Lawyers' motion is **DENIED.**

### I. BACKGROUND

Attorney William F. Conour ("Mr. Conour") was convicted of stealing more than $4.5 million from client trust accounts. The Conour Law Firm, LLC ("the Conour firm") owes money to several individuals who were victims of Mr. Conour's fraud, including David L. Beals, Sr.,

Loretta Beals, Kristen Beals by her Guardians, David L. Beals, Sr. and Loretta Beals ("the Intervenors") and to Plaintiff ACS 2006 ("ACS"), one of the Conour firm's lenders. Shortly before the fraud came to light, Mr. Devereux left the Conour firm, taking twenty-one clients with him to Mr. Ladendorf's law firm ("the Ladendorf firm").

Those clients ultimately produced nearly $2 million in attorneys' fees. ([Filing No. 151 at 4-10](Filing No. 151 at 4-10).) In the instant case, the parties first disputed how much of that money should be paid to the Conour firm for work it performed before Mr. Devereux left for the Ladendorf firm. Second, if money is owed to the Conour firm, the parties disputed how that money should be allocated among the Intervenors and ACS, the entities to whom the Conour firm owes money.

Following a bench trial, this Court concluded that the Conour firm was entitled to approximately $775,000.00 of the $2 million, and that in recovering any amounts owed, ACS had priority over the Intervenors. ([Filing No. 151 at 19](Filing No. 151 at 19).) Both the Intervenors and the Lawyers appealed that judgment, with the Lawyers challenging the amount owed to the Conour firm, and the Intervenors appealing the issue of priority. ([Filing No. 153](Filing No. 153); [Filing No. 159](Filing No. 159).) On appeal, the Seventh Circuit concluded that this Court erred in determining the amount of money owed to the Conour firm, and outlined a *quantum merit* distribution that amounts to $358,069.83. ([Filing No. 180 at 6-9](Filing No. 180 at 6-9).) The Seventh Circuit also concluded that the Intervenors have priority over ACS in recovering any amount owed. ([Filing No. 180 at 14-15](Filing No. 180 at 14-15).) Because Mr. Conour owes the Intervenors substantially more than the amount of this judgment, the entire amount will go to them, leaving nothing for ACS. ([Filing No. 180 at 10](Filing No. 180 at 10).) The Seventh Circuit's mandate instructed this Court that "[t]he judgment of the district court is **REVERSED**, and the case is **REMANDED** for the entry of judgment consistent with this opinion." ([Filing No. 180 at 15](Filing No. 180 at 15).)

In accordance with this district's Local Rule 16-2, the parties each filed position statements regarding the entry of judgment. ([Filing No. 182](); [Filing No. 183]().) As relevant here, in their position statement, the Lawyers requested that the Court determine and award co-counsel fees to the Ken Nunn Law Office ("Ken Nunn") and the Keller & Keller Law Firm ("Keller & Keller")—law firms with whom the Ladendorf firm purports to have co-counsel fee agreements. ([Filing No. 183]().) This Court entered judgment against ACF, and in favor of the Intervenors in the amount of $358,069.83. ([Filing No. 185]().) The Court declined the Lawyers' invitation to award judgment to the nonparty law firms. ([Filing No. 185 at 1-2]().) The Lawyers then filed the instant Motion to Alter and/or Amend Final Judgment, Pursuant to F.R.C.P. 59(e). ([Filing No. 187]().)

## II. LEGAL STANDARD

A motion to alter or amend a judgment under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The purpose of a motion to alter or amend a judgment is to ask the court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). "A Rule 59(e) motion will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citation and quotation marks omitted).

A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted). Furthermore, "a Rule 59(e) motion is not an opportunity to relitigate motions or present arguments, issues, or facts that could and should have been presented earlier." *Brownstone Publ'g, LLC v.*

3

*AT&T, Inc.*, 2009 WL 799546, at *3 (S.D. Ind. 2009). Relief pursuant to a Rule 59(e) motion to alter or amend is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

### III. ANALYSIS

The Lawyers take issue with the fact that this Court "did not take into account the co-counsel fee agreements" between the Conour firm, Keller & Keller, and Kenn Nunn when it entered judgment in favor of the Intervenors. (Filing No. 187 at 6.) In short, the Lawyers contend that this Court was required to allocate a portion of the judgment to Ken Nunn and Keller & Keller. The Intervenors respond that, as nonparties, Keller & Keller and Ken Nunn do not have standing to request a judgment in their favor. (Filing No. 189 at 1-3.) Likewise, they argue, the Lawyers have no standing to advocate on behalf of the nonparties. (Filing No. 189 at 1-3.) The Intervenors also argue that the Lawyers failed to raise any issues related to the nonparty law firms on appeal, and have therefore waived their ability to raise the issue in this motion. (Filing No. 189 at 3.)

#### A. Judgment in Favor of Nonparties

The Court again notes the standard under which a Rule 59(e) motion is reviewed. Such a motion will only succeed where the movant clearly establishes that the court committed a *manifest error of law or fact*, or where newly discovered evidence precluded the entry of judgment. *See Beyrer,* 722 F.3d at 954. A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto*, 224 F.3d at 606.

The Lawyers appear to argue that this Court made a manifest error of law in declining to enter judgment in favor of nonparties to this lawsuit. Following the bench trial, this Court held in its Findings of Fact and Conclusions of Law ("Findings and Conclusions") that the nonparty law

4

firms' claims were not properly before this Court, "because the other interested law firms—Keller & Keller and Ken Nunn—were not made parties to this action, thus it [was] impossible for the Court to award any relief to these two firms under the terms of the purported referral/co-counsel agreements." ([Filing No. 151 at 10-11](#).) The Court then entered judgment in accordance with those findings. ([Filing No. 152](#).)

The Lawyers cite to no authority in support of their position that they have standing to move for judgment on behalf of nonparties, or that this Court should have included those parties in its entry of judgment. The Lawyers also fail to provide any explanation or legal support as to how or why this Court can award any remedies to nonparties, let alone that it was required to do so. *See Osbun v. Auburn Foundry, Inc.,* 2004 WL 2402836 at *5 (N.D. Ind. 2004) (citing *Board of Trustees of State Univ. of N.Y. v. Fox,* 492 U.S. 469, 484-85 (1989) (expressing reluctance to provide relief to nonparties)). Citing no precedent on these points, the Lawyers have not met the high burden of Rule 56(e) to demonstrate "the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto*, 224 F.3d at 606.

**B.    Stipulations and Waiver**

Following the parties' presentation of evidence at trial, as cited above, this Court concluded in its Findings and Conclusions that it "cannot take these [purported co-counsel] agreements into account in determining the proper amount to be awarded." ([Filing No. 151 at 10](#).) In addition to the fact that Keller & Keller and Ken Nunn were not parties to the lawsuit, this Court concluded that "the testimony presented at the trial and the stipulations filed by the parties gave conflicting accounts as to the terms of these agreements." ([Filing No. 151 at 11](#).) Ultimately, the Court held that "the application and enforcement of any referral fee agreements will need to be addressed amongst the parties and non-parties outside of this litigation." ([Filing No. 151 at 11-12](#).) On

5

appeal to the Seventh Circuit, the Lawyers did not raise any claims of error related to the fee-sharing agreements or the nonparty law firms, regarding either this Court's factual findings or legal conclusions. Their briefing contained no references to this Court's Findings and Conclusions, and the Lawyers did not assert that this Court erroneously concluded that it could not afford relief to the nonparties.

The Intervenors argue that the Lawyers have waived argument on the issue of the co-counsel fee agreements, because the Lawyers failed to raise it on appeal to the Seventh Circuit. The Lawyers respond that they were not required to appeal this issue, because (1) this Court was bound by a stipulation filed by the parties regarding the existence of fee-sharing agreements between the Conour firm and the nonparties, ([Filing No. 187 at 7](#); [Filing No. 190 at 3-4](#)); and (2) ordinarily stipulations of fact will obviate the need for appellate review of factual findings, ([Filing No. 190 at 5](#)).

The Lawyers' arguments are mistaken for several reasons. Two documents appear to be referred to as "stipulations" in the Lawyers' briefing: Docket Number 148 and Docket Number 150. Docket Number 148 is a "Stipulation Regarding Co-Counsel Fees of Keller & Keller, LLP and the Nunn Law Office," ("Stipulation"), and Docket Number 150 is a "Joint Position Statement Regarding Whether Keller & Keller, LLP and the Ken Nunn Law Office are Required Parties Under F.R.C.P. 19," ("Joint Position Statement"). ([Filing No. 148](#); [Filing No. 150](#).) While it is not clear on which document the Lawyers rely, as their briefing suggests elements of both, neither supports the Lawyers' current contentions.

First, the Stipulation was stricken by this Court shortly after its filing, because it was filed in violation of Local Rule 83-7(a). ([Filing No. 148](#); [Filing No. 149](#).) This Court is not bound to consider or base its judgment on stricken filings, which are outside the record of the case. Second,

the factual statements contained in the Joint Position Statement likewise are not binding on this Court. The Lawyers cite out-of-circuit cases for the proposition that "[u]nder federal law, stipulations and admissions in the pleadings are generally binding on the parties **and the Court**[,] (citing *PPX Enters., Inc. v. Audiofidelity, Inc.,* 746 F.2d 120, 123 (2d Cir. 1984))." (Filing No. 190 at 5.) (Emphasis in original.) However, binding precedent within this Circuit holds the opposite:

> Generally, stipulations are not binding on the fact-finder. A stipulation is a contract between two parties to agree that a certain fact is true. *Analytical Engineering, Inc. v. Baldwin Filters, Inc.,* 425 F.3d 443 (7th Cir. 2005). As such, standard contract principles apply. A contract between the prosecutor and the defendant cannot bind a third party-the district court judge-without his consent as well.

*United States v. Barnes*, 602 F.3d 790, 796 (7th Cir. 2010). In addition, as was the case in *Barnes*, this Court explicitly concluded that the Joint Position Statement conflicted with the accounts of the fee-sharing agreements testified to at trial. (Filing No. 151 at 11.) Far from being bound by the Joint Position Statement, the Court was free to consider and reject that evidence. *See Barnes,* 602 F.3d at 796.

If the Lawyers believed this Court's conclusion to be in error, they should have appealed that finding. A Rule 59(e) motion "is not an opportunity to relitigate motions or present arguments, issues, or facts that could and should have been presented earlier." *Brownstone,* 2009 WL 799546, at * 3. The Lawyers here seek to do just that, and their Motion must be denied.

Finally, for the sake of completeness, the Court briefly addresses the issue of waiver. The Intervenors argue that because the Lawyers could have appealed the nonparty law firm issue, they have waived any arguments related to the amounts claimed on behalf of the nonparty law firms. (Filing No. 189.) The Lawyers respond that they were not required to appeal that issue, because

7

this Court was bound by the stipulation filed by the Lawyers and ACS, and ordinarily stipulations obviate the need for appellate review of factual findings. ([Filing No. 190 at 5-7](#).)

As discussed above, the Court rejects the Lawyers' argument that it was bound by the parties' stricken Stipulation or Joint Position Statement, so this argument must fail. But, even assuming that those filings were valid and/or binding on this Court, the Lawyers' argument still fails. This Court decided the issue of the nonparty law firms at trial, and it explicitly concluded that the nonparty law firms would not be considered in awarding judgment. ([Filing No. 151 at 10-12](#).) The Court then entered a judgment that did not include any relief to the nonparty defendants. ([Filing No. 151 at 10-11](#).) If the Court had been bound by the Stipulation (or the Joint Position Statement), as argued by the Lawyers, it should have been clear to the Lawyers that the Court entered a judgment that was inconsistent with those documents. Such an error would necessitate appellate review, but the Lawyers chose not to raise it.

## IV. CONCLUSION

For the foregoing reasons, the Lawyers' Motion to Alter and/or Amend Final Judgment ([Filing No. 187](#)) is **DENIED.**

**SO ORDERED.**

Date: 1/24/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Christopher Charles Hagenow
BLACKWELL, BURKE & RAMSEY, P.C.
chagenow@bbrlawpc.com

Austin L. McMullen
BRADLEY ARANT BOULT CUMMINGS, LLP
amcmullen@babc.com

Roger G. Jones
BRADLEY ARANT BOULT CUMMINGS, LLP
rjones@babc.com

Mark C. Ladendorf
LADENDORF & LADENDORF
mark@ladendorf.com

Timothy Francis Devereux
LADENDORF & LADENDORF
Tim@ladendorf.com

Debra H. Miller
MILLER & FISHER LLC
miller@millerfisher.com

James R. Fisher
MILLER & FISHER LLC
fisher@millerfisher.com